83,069-01

Mr. Abel Acosta, Clerk                                    11/19/15

   In reference to Ex Parte James Michael Page, an application for a writ of Habeas Corpus Case No. 23485-A in the 3rd District Court from Anderson ~~County~~ County Tx in the Court of Criminal Appeals No. WR-83,069-01.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

   Pursuant to an order filed May 20, 2015, my application was to be held in abeyance until the trial court had resolved the fact issues. The issues were to be resolved within 90 days of the order. A supplemental transcript, and the trial courts supplemental findings of facts and conclusion of law was to be forwarded to the court of Criminal Appeals within 120 days of the order, and any extensions of time were to be obtained from the court as well.

   As of today, 11/19/15, I have not heard anything else pertaining to the writ, nor pursuant to the orders time allottment. Therefore I am writing inquiring to the status of my writ and the proceeding. Any information you can give me into this matter will be greatly appreciated.

                                   Cordially

                                   James-Micheal C. Page
                                   TDCJ No. 01857334
                                   Mark Stiles Unit
                                   3060 FM 3514
                                   Beaumont Tx 77705



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,069-01

### EX PARTE JAMES MICHAEL PAGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23485-A IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault in exchange for deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his conviction is void, because he was under seventeen years old when he committed the offense. Applicant alleges that he was never certified as an adult and the juvenile court never waived jurisdiction. The record contains conflicting information as to the date upon which this offense was committed. The indictment in this case alleged that Applicant

committed the offense on or about the 9th day of December, 1993. According to the date in the indictment, Applicant would have been seventeen years old on the date he committed the offense. There is no offense date shown on the order deferring adjudication, but the judgment revoking probation shows the offense date as September 12, 1993. On that date, Applicant would have been sixteen years old. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the offense date shown in the indictment is correct, in which case the date on the judgment revoking probation may be corrected by way of a judgment *nunc pro tunc*, or whether the offense date shown on the judgment revoking probation is correct. If the offense date on the judgment revoking probation is correct, then the trial court shall make findings of fact and conclusions of law as to whether Applicant was certified to stand trial as an adult, and as to whether the juvenile court waived jurisdiction over the case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

3

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish

9/28/15